The People
v.
Kingsley.

THE PEOPLE *against* KINGSLEY.

It is a general rule, that in an indictment for forgery, the instrument forged should be described particularly.

But if in the hands of the defendant, or lost or destroyed by him, the indictment may show this excuse, and set forth the instrument in general terms, if it contain enough to show the offence.

Dates, sums, and times of payment may be omitted;

And parol evidence given of the contents.

That the instrument forged was in possession of the party at the time he uttered and published it, is *prima facie* evidence that it continues under his control at the time of the trial.

THE defendant was convicted at the last Oyer and Terminer in Seneca county, of having feloniously forged a bond with intent to defraud one John Sinclair.

The indictment charged, that the defendant, " On, &c., at, &c., did falsely and feloniously make, forge and counterfeit, and did then and there willingly and feloniously act and assist in the false making, forging and counterfeiting, of a certain false, forged and counterfeited bond and writing, obligatory for the payment of money, bearing date on some day to the jurors aforesaid unknown, in a penal sum to the jurors aforesaid unknown, with a condition thereunder written for the payment of a certain sum to the jurors aforesaid unknown, at some day thereafter to the jurors aforesaid unknown, with interest thereon, to the said Samuel Kingsley, (the defendant,) purporting to have been executed by one George Bockhoven, late of, &c., which said false, forged and counterfeited bond and writing obligatory for the payment of money, is in the possession and custody of the said Samuel Kingsley, (the defendant,) with intent to defraud one John Sinclair ; against the form of the statute in such case made and provided, &c."

The second count of the indictment described the bond in the same manner, and stated that the defendant had destroyed it, on some day to the jurors unknown.

The third count was for uttering and publishing as true, a bond, &c , described in the same manner, on some day to the jurors unknown.

The 4th count described the bond, alleged to have been forged, particularly ; and as there was a variance between the amount of the condition and the bond, as stated in the indictment, and the one proved upon the trial, the Attorney General, who argued for the people, did not insist upon a judgment on this count.

The record was removed to this Court by a certiorari, and the evidence given on the trial was also certified with the writ.

ALBANY,
Feb. 1824.

The People
v.
Kingsley.

It appeared, from this evidence, that the counsel for the people had, on the day of the trial, served the defendant with notice to produce the bond, described in the indictment, at the trial of the cause ; but he produced no bond. The forgery of a bond as set forth against Bockhoven, payable to the defendant, was clearly proved, the witnesses giving particulars of its contents, in respect to the penalty, condition, date, and times of payment ; that the defendant attempted to sell the bond to Sinclair, but the negotiation failed, and it did not appear that the bond had since been seen in his possession.

The prisoner now being brought up on a *habeas corpus,* by the Sheriff of Seneca,

*M. Hoffman,* moved in arrest of judgment, and the only question was upon the degree of certainty necessary in setting forth the bond.

He said the indictment should set forth an exact copy, or its purport, so that, on its face, it may appear to be susceptible of forgery. (1 Chit. C. L. 234. 3 id. 1040, and the cases there cited. 2 East, C. L. 975, 985, s. 53, 58, &c. *People* v. *Franklin,* 3 John. Cas. 299. *The State* v. *Gustin,* 2 South. Rep. 744.)

Independent of authority, it is clear that the indictment should be so certain, as to inform the party what he is called upon to meet, to enable the jury to understand and apply the evidence; to warrant the Court in giving judgment; and, in the event of an acquittal, to save to the party his plea of *auterfois acquit.* The generality and uncertainty of this indictment will do neither.

Neither the notice to produce the bond, nor the evidence that it was in the defendant's possession, was sufficient to dispense with its production.

*Talcott,* (Attorney General,) contra. There can be no dispute about the general rules of certainty upon which indictments for forgery are to be framed. The only difficulty

is in their application, in saying what the law considers uncertainty. If the strictness contended for is to prevail, it will overthrow some of the best established principles on this subject. It is enough that the offence is brought within the words of the statute creating it, (3 Ch. C. L. 468,) which are, *bond or writing obligatory.* (1 R. L. 405.) Neither the time nor amount is essential to the crime. What is to become of the numerous cases where counterfeit bank notes are destroyed by the offender ? Is he to escape because they cannot be particularly described ? No. Neither the date nor time of payment, are holden material in that case. (*Commonwealth* v. *Ross*, 2 Mass. Rep. 373.)

The present case comes within the distinctions laid down in *The Commonwealth* v. *Houghton*, (8 Mass. Rep. 107.) The instrument must be described, or a reason given in the indictment why the description is omitted. Judgment was arrested in that case because no reason for the omission was given. In this case the cause appears upon the face of the indictment, and is sufficiently shown in evidence. (*Commonwealth* v. *Snell*, 3 Mass. Rep. 85.)

*Hoffman,* in reply, said that in *The Commonwealth* v. *Houghton,* the indictment was much more certain than this. Yet the Court arrested the judgment, because it was not certain enough. What is there said about less certainty being admissible, if the indictment show an excuse for it, was *obiter*.

*Curia.* The evidence of this crime was most clear ; and the only question is, whether the indictment is sufficiently certain to warrant us in giving judgment. The indictment excuses the want of a more particular description, by averring that the bond was with the defendant. There is no doubt of the general rule, that the instrument forged must be set forth with particularity and certainty ; but to require this unqualifiedly, in all cases, without exception, would result in a failure of public justice. We think *The Commonwealth* v. *Houghton,* presents the true distinction. " There are cases," says Judge Sedgwick, " which will form just and

ALBANY,
Feb. 1824.

necessary exceptions to this rule ; as where the instrument forged has been destroyed by the prisoner, or has remained in his possession," &c. " But," he continues, " in every such instance, that the exception may be admitted, it must appear in the indictment what is the cause of the non-description of the instrument ;" giving the present case precisely.

The general proposition, so often repeated in the books, that the instrument must be produced in evidence, is no more than the rule on the civil side, that the best evidence the nature of the case admits must be produced. The rule always yields, where the instrument is either lost, destroyed, or, as here, in the hands of the opposite party. This exception underwent full consideration in *The Commonwealth* v. *Snell*, (3 Mass. Rep. 82,) and the Judges were unanimous in its favor.

The evidence that the bond continued in the defendant's possession, was sufficient. He presented it to Sinclair, and after this we have no account of it.

Motion denied.

Note. The prisoner was sentenced to the Auburn state prison for 7 years.