The opinion of the Court was delivered by
Gibson, C. J.
Though usually dealing, for purposes of performance, with contracts but for the sale of lands, and compelling the vendor to fulfil his stipulations by a conveyance, equity entertains a bill also for payment of purchase money, on the ground of reciprocity of recourse, and not for failure of remedy at law. It seems formerly to have been thought in Armiger v. Clark, (Bunb. 111,) that, as the vendor wants but the purchase money, his remedy is exclusively at law. But in Lewis v. Lechmere, (10 Mod. 506,) it was conceded by the chancellor, that he may come into equity also for inadequacy of redress at law; since when, it has come to be arudimental principle that he may file a bill, or bring an action at his option. Mewl. Con. 89,91. Sugd. Vend. 294, 5. Where he is unable to prove the terms of a special agreement, his effective remedy is in equity by the force of circumstances. But though the common law may not imply a promise to pay in consideration of indebtedness for the price of land sold, why may not an action of indebitatus assumpsit, on the'principle of Lang v. Keppele, be substituted for a bill in equity, where the vendor has entitled himself to specific performance of a parol contract of sale? There is, perhaps, no common law medium, through which the matter proper for such a bill, can be exhibited to a jury with more convenience or advantage. Had exception been taken to the count instead of the measure of proof, the late case of Irvine v. Bull, (Sunbury 1835, 4 Watts,) which requires an averment of circumstances to take the contract out of the statute of frauds, would have interposed a formidable difficulty. A count for the price of land sold and conveyed, would doubtless be sufficient; and where the contract had been partially executed, an averment of possession given, would be equally so. Here it is not pretended that a case of part performance was not made out by the evidence; which, being sufficient to support an unexceptionable count, is sufficient to entitle the plaintiff to recover. It is immaterial, therefore, that there is a substantial variance between the proof and the count on a special promise; and that there *302 is no proof at all of the insimul computassent. As the plaintiff was entitled to recover on the evidence, it must be intended that the count to which alone it was applicable, is the foundation of the judgment.
The defence on the statute of limitations, could be maintained but by showing a cause of action originally complete by delivery of possession pursuant to the partition. A parol partition in part executed, is undoubtedly valid, but as vesting no more than equitable title in severalty. The difficulty in Ebert v. Wood, (1 Binney, 218,) was to get the statute of frauds out of the way of the contract; to effect which, the case was very properly treated as one of part performance; but no one dreamed of the title being vested at law. Such being the state of the case when the parties here took possession in severalty, on what ground was the diffei’ence to be paid for owelty, demandable before tender of the legal title ? If there is any thing which equity scans with care, it is the title which is forced upon a purchaser by a decree of performance. A summary of the cases on this subject, is given by Mr. Sugden in his Law of Vendors, p. 310, by which it appears that a purchaser will not be compelled to pay for a doubtful or an equitable title; nor will a case to ascertain the solidity of the legal title be sent to the law judges without his consent. Even where they have certified in favour of the legal title, performance will not be decreed if the chancellor is dissatisfied with the equitable title; and wherever the point certified is doubtful, the purchaser may require it to be sent to other judges. Thus, we see that every possible care is taken of him, by seeing that his title is not only unimpeachable but above suspicion. There are undoubtedly exceptions to this, resting on express or implied terms of the contract, in which a purchaser acquainted with the nature of the title and treating for it without objection, will be compelled to fulfil his bargain, though circumstances might entitle him to subsequent relief, because he has got what he bargained for. But can it be supposed that a parol title is what these parties bargained for? Such might be an effectual ground of recovery or defence before a jury, but not as. conveniently so as a title vested by direct conveyance ; and equity will not compel a purchaser to accept a title depending on facts collectable from circumstances by a jury, but attended with such doubt as to effect the value of the estate as a marketable commodity. Such is the rule in chancery; and it appears to be a just one: Can it be intended, then, that these parties consented to be satisfied with a title which a purchaser of ordinary prudence would not have consented to take, when a better one could be had at the expense of a scrivener’s fee ? To suppose so, would be unreasonable. Now, a party seeking performance, instantly turns every thing to be done by him into a condition precedent; and as the legal title was not tendered till within six years before the impetration of the writ, the plaintiffs’ testator had not entitled himself to an action in time to bar them by the statute of limitations.
Judgment affirmed.