THE STATE OF VERMONT v. WILLIAM P. BRIGGS.

*Forgery.    Criminal Law.    Indictment.*

It is an indispensable element in the crime of forgery, that the forged paper must be such, that if genuine, it may injure another, and it must appear from the indictment that it is legally of such a character, either from a recital or description of the instrument itself, or, if that alone does not show it to be so, then by the additional averment of such extrinsic facts as render it of that character.

In the statute prohibiting the forgery of any "bond or writing obligatory," (General Statutes, Chap. 114, Sec. 1, p. 678) these words are used in their legal sense, as meaning bonds binding some obligor to some obligee, and requiring something to be done, which, if not done, can be compensated by an action on the bond.

Therefore, an indictment for forgery is not sufficient, which describes the forged instrument only as " a certain writing, purporting to be a bond, with condition thereto annexed, signed, sealed, and executed by A., B., and C., and dated Jan. 8th, 1853, with intent to injure and defraud the said A., B.,

and C.," notwithstanding it also contains an averment that the bond cannot be more particularly described, because it is in the possession of the respondent.

INDICTMENT for forgery. The material portion of the indictment is sufficiently set forth in the opinion of the Court.

The respondent demurred to the indictment, but the County Court for Chittenden County, at the September Term, 1859, BENNETT, J., presiding, adjudged the indictment sufficient, to which the respondent excepted.

*Daniel Roberts* and *George F. Edmunds*, for the respondent.

*E. R. Hard*, State's Attorney, for the prosecution. .

ALDIS, J. The indictment alleges that the respondent forged "a certain writing, purporting to be a bond, with a condition thereto annexed, signed, sealed, and executed by A. B. Cooper, Robert Russell, and Jos. Whipple, and dated Jan. 8, '53, with intent to injure and defraud the said Cooper, Russell, and Whipple;" and avers that the grand jurors can not more particularly describe the bond because it is in the possession of the respondent. Is this a sufficient averment of facts to constitute the crime of forgery?

It is a fundamental rule, in criminal pleadings, that all the material facts which constitute the crime, must be affirmatively alleged in the indictment.

It is not enough to charge a respondent with committing a crime generally; but the very acts done by the party, and all of them which are necessary to make a case of crime, must be specifically averred in the indictment. This is necessary, that the respondent may know precisely what the very acts are which he is charged with having done; that the jury may know what facts are to be proved; that the Court may know whether the alleged facts, if proved, will amount to crime; and that the defendant, if acquitted, may plead the verdict in bar of any future prosecution for the same acts.

Hence, in forgery, if the forged instrument can be had, it must be fully and particularly set forth, that the Court may know

whether the paper can be the subject of a forgery. If it is in the possession of the respondent, so that the State can not so set it forth, then that fact must be stated, and the substance of the bond must be alleged with as much precision and fullness as possible. To determine whether the description of the bond in this indictment is sufficient, we must inquire, first, what are those material facts which must exist to constitute the crime of forgery ? and secondly, are all of those facts alleged in this indictment ? If not, it is bad. It is not the forging of every instrument in writing that constitutes the crime of forgery. The forged instrument must be such, that it may prejudice the right of another. Hence, it is laid down in all treatises on criminal law, that the counter feiting of letters and writings, which are merely frivolous, of no moment, or from which no damage can ensue, is not a crime. On the other hand, the counterfeiting, with a fraudulent intent, of *any* writing whereby another may be prejudiced, is forgery. Hence, it is an indispensable element in the crime of forgery, that the forged paper must be such, that if genuine, it may injure another ; and the paper must be so set forth in the indictment, that it shall appear that it is of that character, viz. : that it may injure another. Hence, all contracts, bonds, and instruments in writing, which create a legal liability from one person to another, that may be enforced at law, are properly the subjects of forgery. But when the instrument, on the face of it, appears to be, and, if genuine, would be void, it is not a crime to forge it. Thus, in *Regina* v. *Bartlett*, a well known case, and cited in all the elementary works in illustration of this principle, an order in these words, viz. :

"To G. PEEKFORD.—*Sir* : Please pay to *your* order the sum of £47 for value received.        Signed,

"Accepted, G. PEEKFORD.                J. BISHOP."

and endorsed by J. Bishop, was held not to be a bill of exchange, or an instrument which could injure another. It was merely an order on another to pay himself a sum of money.

This general rule, that if the instrument is void on its face, it is no crime to forge it, is, however, subject to this limitation. When the paper on its face does not appear to have any legal validity or show that another might be injured by it, but extrin-

sic facts exist, by which the holder of the paper might be enabled to defraud another, then such facts must be averred; and, if averred in the indictment, will constitute forgery.

Such is *Burke's case*, which is referred to by *Judge Cowen*, in *People* v. *Shell*, in illustrating this point. In this last case, (People v. Shell, 9 Cow. 778) Judge Cowen reviewed many of the cases bearing upon this point, and, after stating the general doctrine, " an instrument, purporting to be void on its face, and not shown by averment to be operative if genuine, is not the subject of forgery," says—" How is it possible, in the nature of things, that it should be otherwise ? Void things are no things. Was it ever heard of that the forging of a *nudum pactum*, a thing which could not be declared upon or enforced in any way, is yet indictable ? It is the forgery of a shadow."

If, therefore, the instrument forged must, either of itself or by averments connected with it, have legal validity—" must be the foundation of the liability of another," as it is sometimes expressed, it is obvious that this material fact—this indispensable element of forgery—must be averred in the indictment. If it do not appear in the indictment, that the paper alleged to be forged can have some legal operation to the injury of another, then one necessary ingredient in the offence of forgery is wanting, and the indictment is bad.

In the case at bar there is no allegation that the bond was executed to any person ; that there was any obligee. Neither does it appear that the bond was for the payment of money, or for the performance of any act whatever, or that it created any legal obligation. If it were alleged to be for the payment of money from the obligors to some obligee, (even if unknown) or for the performance of any act which the obligors could be compelled to do, it would be forgery. Nothing is alleged in substance but that it is a bond—a bond with condition, nothing more. But there may be bonds wholly void—mere nude pacts—wholly frivolous, or so impossible or illegal that they could not, upon their very face, be enforced. It should appear affirmatively, that it is a bond which might have a legal operation. When, therefore, this indictment shows nothing as to the nature, extent, and character of the obligation imposed by the bond alleged to be forged, or

State *v.* Briggs.

even that there was anything whatever mentioned in it that could be the subject of a legal liability, it is clearly bare of an indispensable averment to constitute forgery. Every fact stated in it may be true, and yet there may be no forgery.

The Statute provides that every person who forges any " bond or writing obligatory " shall be punished, &c. But these words are used in their legal sense, as meaning bonds binding some obligor to some *obligee*, requiring something to be done which, if not done, can be compensated by an action on the bond. The Legislature did not intend to make it a crime to forge a bond which was a mere idle, frivolous, void paper, binding no one and hurting no one.

If nothing more was proved before the grand jury than is averred in the indictment, viz. : " a bond purporting to be executed by Cooper, Russell, and Whipple, at a certain date, with a condition to it,"we are at a loss to perceive how they could find that there was an intent to defraud ; for all this might exist without either the intent or the power to defraud any one. If more was, in fact, proved, it should have been averred.

In 2 Cow. 522, *The People* v. *Kingsley*, there is a precedent of an indictment upon a forged bond alleged to be in the possession of the respondent, and, therefore, not fully set forth. But in that form it is averred that the bond was for the payment of money, and the name of the obligee is stated. It may not be necessary to state the name of the obligee, or the sum of money to be paid, or the acts to be performed. These are the details which must be stated when the bond can be had, and which may be omitted when it can not be had. But it should appear from the indictment that there was an obligee as well as obligors, and that the bond purported to create a legal liability upon the obligors, or might operate to their prejudice, or to the injury of another. For the want of such necessary averments in this indictment, we all concur in the opinion that the judgment must be reversed, and the indictment quashed.