## Case No. 15,462.

### UNITED STATES v. JACOBY.

[12 Blatchf. 491.] [1]

Circuit Court, S. D. New York.   April 5, 1875.

CRIMINAL LAW—FELONIES—VIOLATION OF INTERNAL REVENUE LAWS—INDICTMENTS.

1. In an indictment founded on section 3397 of the Revised Statutes, which creates offences in respect to cigars, it is not necessary to aver, in the indictment, an intent to defraud the United States.

2. Although section 3397 designates as felonies some of the offences specified in it, and omits to designate others as felonies, offences of each class, which arise out of one and the same transaction, may, under section 1024 of the Revised Statutes, be charged in one indictment, in different counts.

[Cited in U. S. v. Lancaster, 44 Fed. 894.]

3. The offence created by section 3397, of affixing to a box containing cigars a stamp in the similitude or likeness of a customs stamp required to be used by the laws of the United States, may be committed by affixing to a box containing domestic cigars, not imported, and subject only to an internal revenue tax, and on which such tax has been duly paid, a stamp in the similitude or likeness of a customs stamp required to be used, by section 2804 of the Revised Statutes, on a box of imported cigars.

This was an indictment [against Louis Jacoby] founded on section 3397 of the Revised Statutes, which provides as follows: "Whenever any cigars are removed from any manufactory, or place where cigars are made. without being packed in boxes, as required by the provisions of this chapter, or without the proper stamp thereon, denoting the tax, or without burning into each box, with a branding iron, the number of cigars contained therein, the name of the manufacturer,

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

and the number of the district and the state, or without properly affixing thereon and cancelling the stamp denoting the tax on the same, or are sold or offered for sale not properly boxed and stamped, they shall be forfeited to the United States. And every person who commits any of the above-described offences, shall be fined for each such offence not less than one hundred dollars nor more than one thousand dollars, and imprisoned not less than six months nor more than two years. And every person who packs cigars in any box bearing a false or fraudulent or counterfeit stamp, or who affixes to any box containing cigars a stamp in the similitude or likeness of any stamp required to be used by the laws of the United States, whether the same be a customs or internal revenue stamp; or who.buys, receives or has in his possession any cigars on which the tax to which they are liable has not been paid. or who removes or causes to be removed from any box, any stamp denoting tne tax on cigars, with intent to use the same, or who uses or permits any other person to use any stamp so removed, or who receives, buys, sells, gives away or has in his possession any stamp so removed, or who makes any other fraudulent use of any stamp intended for cigars, or who removes from the place of manufacture any cigars not properly boxed and stamped, as required by law, shall be deemed guilty of a felony, and shall be fined not less than one hundred dollars nor more than one thousand dollars, and imprisoned not less than six months nor more than three years." A motion was made to quash the indictment, on the ground that it did not aver any intent to defraud the United States. It was held, that such averment was not necessary. Section 1024 of the Revised Statutes provides as follows: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offences. which may be properly joined, instead of having several indictments, the whole may be joined in one indictment, in separate counts; and, if two or more indictments are found in such cases, the court may order them to be consolidated." It was held, that, under section 1024, several of the offences created by section 3397, arising out of one and the same transaction, might be charged in one indictment, in different counts, although some of such offences were declared by section 3397 to be felonies, while others of them were not so designated by that section.

One of the offences charged in the indictment was that of affixing to a box containing cigars a stamp in the similitude or likeness of a customs stamp required to be used by the laws of the United States. Evidence was given that the defendant had affixed to a box containing cigars, a stamp in the similitude or likeness of a customs stamp required to be used, by section 2804 of the Revised Statutes, on a box of imported cigars; but it further appeared, that the cigars in the box to which the defendant had affixed such stamp, were domestic cigars, not imported, and were subject only to an internal revenue tax, and that such tax had been duly paid, It was held, that the offence charged haa been committed.

Ambrose H. Purdy, Asst. U. S. Dist. Atty.
Morrison, Lauterbach & Spingarn, for defendant.

THE COURT ruled (BENEDICT, District Judge) that the general language of section 3397 would cover such a case, while, to exclude such a case, the word "thereon," or similar words, must be interpolated after the words "to be used;" that, if such word should be interpolated, it would be necessary to prove, in addition to the act of affixing the described stamp to a box containing cigars, the further fact, that the cigars were of foreign or of domestic manufacture, according to the character of the stamp affixed, when such fact was not made material by any words in the statute; that such a construction would lead to compelling proof that the stamp affixed was a counterfeit of the stamp required to be placed upon the particular box of cigars which formed the subject of the charge, and thus evasions of the law would be rendered easy; and that the prevention of the use or circulation of stamps in the similitude or likeness of customs stamps required to be used by the laws of the United States, was a legitimate object of a statute of the United States, and it was no objection to such a statute, that an indirect effect of it would be to prevent the sale of domestic cigars as foreign made cigars, which had paid a duty.