UNITED STATES *v.* WENTWORTH & O'NEIL.

*(Circuit Court, D. New Hampshire.* March 13, 1882.)

1. CRIMINAL LAW—DISTINCT OFFENCES—INDICTMENT—JOINDER.

   Several offences of the same class or kind, growing out of the same transaction,
   though committed at different times, may be joined in the same indictment
   against the same person, in separate counts, and such joinder is no ground for
   demurrer or arrest of judgment.

2. SAME—INTENT—CONSUMMATION—NECESSARY AVERMENTS.

   In a criminal case, where the intent is made a part of the offence, the intent
   should be alleged in the indictment, and must be proved; but the particular
   manner in which the act is to be done need not generally be alleged.

3. FRAUDULENT ATTEMPT TO PROCURE PENSIONS—EVIDENCE.

   In an action against defendants for an attempt to defraud the government
   by procuring pensions on false and fraudulent affidavits, the application for
   the pension is properly admitted in evidence to show the use to which the false
   affidavits were to be applied, and to prove the intent.

4. SAME—STATUTE OFFENCE CONSTRUED—REV. ST. § 5418.

   The offence defined in the act of April 5, 1866, Rev. St. § 5418, consists in
   the false and fraudulent making, altering, forging, or counterfeiting of any
   bid, proposal, guaranty, or any instrument or document named in the stat-
   ute, and does not consist in the making of a false or fraudulent instrument
   or document. In the first case the crime is forgery, while in the latter it would
   be perjury; and this distinction must regulate the allegations and proof in
   each case.

*United States Attorney Rolfe,* for the United States.

*Mr. Wheeler,* for respondents.

CLARK, D. J. Two indictments were found against these respond-
ents, at the May term of this court, 1870, for violation of the act
of congress of April 5, 1866, entitled "An act more effectually to pro-
vide for the punishment of certain crimes against the United States,"
(14 St. at Large, 12.)

1. The first indictment contained two counts, and each count
described a separate offence. The first count alleged the false
making of the false affidavit of James A. Roberts on the eleventh
day of February, 1868; and the second count alleged the false
making of the false affidavit of Hannah Smith on the twenty-fifth

day of November, 1868. The second indictment contained but one count, and that count alleged the false making of the affidavit of Hannah Smith on the eleventh day of February, 1868. The district attorney proposed to proceed with the trial of the respondents upon the first indictment. Thereupon the counsel for the respondents objected that the indictment contained two counts, each count charging a distinct and substantive felony, and that the two could not be joined in the same indictment, and moved the court to quash the indictment. This motion the court denied. The counsel then moved the court to compel the attorney to elect upon which count he would proceed to trial, and this motion the court denied. Thereupon the counsel for the respondents requested the court to order that the two indictments be consolidated, and tried at the same time, and the court did so, and the trial proceeded.

The counsel now objects that the court erred in refusing to quash the first indictment, and in refusing to direct the attorney to elect upon which count he would proceed to trial, and moves in arrest of judgment. Did the court err? The acts charged are respectively felonies by the statute, each in itself. 1 Chit. 253, cited by the respondent's counsel, says: "No more than one distinct offence or criminal transaction at one time should regularly be charged upon the prisoner in one indictment." And so Arch. in Pl. & Ev. 55, says: "A defendant ought not be charged with different felonies in the same indictment." But what if they are? The court may, in its discretion, quash the indictment, or compel the prosecutor to elect on which charge he will proceed, (1 Chit. Cr. Laws, 253; Arch. Pl. & Ev. 55; Roscoe, Crim. Ev. 231;) but it is no ground for demurrer or in arrest of judgment. Roscoe, Ev. 231, and cases cited; 1 Chit. 253; 1 Whart. 415. "For, in point of law," says Chitty, and Roscoe agrees with him, "there is no objection to the insertion of several distinct felonies of the same degree, though committed at different times, in the same indictment, against the same offender." *Ubi supra.* The statute of February 26, 1853, (10 St. 162,) expressly provides for cases of this kind. It is this:

"Whenever there are or shall be *several charges* against the same person or persons for the *same act or transaction,* or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offences which may properly be joined, instead of having several indictments, the whole may be joined in one indictment, in separate counts: and if two or more indictments shall be found in such cases they may be consolidated."

In this case the two counts of the indictment charged respectively an offence of the same class or kind, and these crimes grew out of the same transaction and were properly joined.   The joinder in no way, that the court can see, embarrassed the respondents in the trial, and the denial of the motions of the respondents' counsel was a proper exercise of the discretion of the court, and is no ground for a new trial.

2. Both these indictments charged an intention to defraud the United States, without stating the means, circumstances, or methods by which the fraud was to be effected, and this the respondents' counsel contend is insufficient.

Where the intent or purpose is made a part of the offence, as in this case, the intent should be alleged in the indictment, and must be proved.   1 Chit. Crim. Law, 233; 1 Whart. 302, § 297; Arch. Pl. & Ev. 46; *State* v. *Card*, 34 N. H. 510.   But the means of effecting the criminal intent, or the circumstances evincive of the design with which the act was done, are considered to be matters of evidence to the jury to demonstrate the intent, and not necessary to be incorporated in the indictment.   1 Whart. 294.

The particular manner in which a thing is to be done need not generally be alleged.   In an indictment for an assault with intent to kill, it is not necessary to state the instrument or means used to effectuate the murderous intent.   1 Whart. 292.

The point made in this case was expressly decided in *Powel's Case*, 2 East, P. C. 989; to be found, also, in 2 Russ. 384.

3. The application of Hannah Smith for a pension was properly admitted in evidence as showing the use to which the false affidavits were to be applied by the respondents, and their purpose to obtain for her a pension improperly, and thus defraud the government.   It was necessary to prove this purpose or intent.   Arch. 98; 1 Whart. 631.

4. The district attorney offered in evidence, in succession, the three affidavits mentioned in the indictments, to the introduction of each of which the respondents objected on the ground of immateriality, and because it was not alleged or attempted to be proved that the justice of the peace before whom they were sworn to was qualified to take affidavits or administer oaths.

To decide this point intelligently and correctly it is necessary to examine the statute on which these indictments are founded, and to ascertain its scope, meaning, and intent.   If "the false making" there

mentioned be false swearing, and the offence be in the nature of perjury, then very clearly it should have been averred in the indictment that they were sworn to before a person competent to administer an oath, naming such person or court; but if the false making be forgery then it was not necessary to allege anything about the oath. The crime might have been completed without taking any oath at all. The signatures of the party and magistrate, and the jurat, might all have been forged and the offence completed,—the false making accomplished.

What, then, is this statute? What is the offence described in it? Is it perjury, or forgery, or both? It is in these words:

"That if any person or persons shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, or counterfeited, or willingly aid or assist in the false making, altering, forgery, or counterfeiting any bond, bid, proposal, guaranty, security, official bond, public record, affidavit, or other writing, for the purpose of defrauding the United States," etc.

The indictments in this case seemed to have been framed upon the idea that the *false making* mentioned in the statute was in the nature of perjury, because, after reciting the affidavits, they go on to allege in what particulars they are false. But we are satisfied that it is not the true construction of the statute. A little analysis and attention to its language makes this quite apparent. It says, "if any person shall falsely make, alter, forge, or counterfeit." Now the arrangement and connection of these words, putting the "false making" with other apt words to describe forgery, to-wit, altering, forging, counterfeiting, indicate its true intent and meaning—that it is aimed at forgery and not at perjury. Again, "if any person shall falsely make, alter, forge, or counterfeit any bond," bid, etc. Now, what is the false making of a bond or bid? Certainly not taking a false oath, because the execution of a bond or bid requires no oath. To falsely make an affidavit is one thing; to make a false affidavit is another. A person may falsely make an affidavit, every sentence of which may be true in fact. Or he may actually make an affidavit, every sentence of which shall be false. It is the *"false making"* which the statute makes an offence, and this is forgery as described in all the elementary books. Hawkins says, (chapter 70, § 1:) "Forgery, by the common law, seemeth to be an offence in *falsely and fraudulently making or altering any matter* of record," etc. Chitty follows Hawkins, (vol. 3, p. 1022:) "Forgery may be defined to be the 'false making.'" Blackstone defines it to be the *fraudulent making*. Vol. 4, p. 245. Russell (vol. 2, p. 318) says not only the fabrication and

false making constitute the crime, but the alteration, etc.   Wharton quotes Blackstone and East, and calls it the *false making.*   2 Whart. § 1418.   Roscoe, the same.   Crim. Ev. 487.

The allegation and proof required by the respondents' counsel was not necessary, for it is quite evident an affidavit might be falsely made when no oath whatever might have been taken.   But it is also contended, by the respondents' counsel, that these indictments are bad because they profess to set out the affidavits only in their substance, and not in words and figures, or other apt words to indicate that they are literally copied.   The words of the indictment are: "Which said false and fraudulent affidavit and writing was then and there of the *substance* following,—that is to say;" and the court think that is not sufficient.   The offence described in the statute on which these indictments are founded is forgery, and it has always been held necessary in such cases to set out literally the paper alleged to be forged.   The statute (2 & 3 Wm. p. 4, c. 123) would seem to have obviated that necessity in England, but it has no effect here.   The authorities are very numerous and uniform.   Arch. Cr. Pl. & Ev. 42, and cases there cited; 2 Whart. 1468; 1 Whart. 306; 2 Russ. 374; 1 Chit. 230; *State* v. *Bryant,* 17 N. H. 323; *Com.* v. *Houghton,* 8 Mass. 107; *State* v. *Parker,* 1 Chit. 293; *People* v. *Kingsley,* 2 Cow. 522; *U. S.* v. *Britton,* 2 Mason, 464.

There are some cases where the instrument need not be set out, as when the prisoner has it in his possession or has destroyed it. *Com.* v. *Houghton,* 8 Mass. 107;   *U. S.* v. *Britton,* 2 Mason, 464.

Wharton says, (vol. 1, § 307:)  "Where the indictment fails to *claim* to set out a copy of the instrument in *words and figures* it will be invalid."   And, again, (vol. 2, § 1468:)  "The indictment should not only set forth the tenor of the bill or note forged, but it should *profess* to do so."

The obvious reason is that the court may see, on inspection of the indictment, that an offence has been committed, if the facts be proved.

This objection is well taken, is fatal to these indictments, and the judgments must be arrested.   Defendants discharged.

See *U. S.* v. *Jacoby,* 12 Blatchf. 491.