## Kohn et al. *v.* Burke, Appellant, et al.

Argued September 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frederic W. Miller,* with him *Zehner & Allen,* for appellant.—A mere presumption may be rebutted: Cragin's Est., 274 Pa. 1; Ludwick's Est., 269 Pa. 365.

Plaintiffs were bound to prove a valuable consideration for the deeds to Martin Burke: Bolton v. Johns, 5 Pa. 145; Search's App., 13 Pa. 108; Henry v. Raiman, 25 Pa. 354.

*Oliver K. Eaton,* with him *James Francis Burke, Chauncey Lobingier* and *Crawford Scott,* for appellees, cited: Lewis v. Baker, 162 Pa. 510; Com. v. Deitrick, 221 Pa. 7; Morris v. Guffey & Queen, 188 Pa. 534; Kanawell v. Miller, 262 Pa. 9.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1928:

Mary Burke appeals from a judgment, entered on the verdict of a jury, in an action of ejectment brought against her and her tenants, to recover possession of an undivided interest in certain properties in the City of Pittsburgh. Her assignments of error assert only that the trial judge erred in refusing her point for binding instructions, and the court in banc in dismissing her motion for judgment non obstante veredicto. Under such circumstances, all the testimony and inferences fairly deducible therefrom, favorable to plaintiffs, must be accepted as true, and all unfavorable to them must be rejected: Caldwell v. Continental Trust Co., 291 Pa. 35; Baumgartner v. P. R. R. Co., 292 Pa. 106. From that favorable testimony, therefore, and the relevant writings, this appeal will be determined. Thus viewed it is clear the judgment should be affirmed.

By their pleadings (to which the evidence must be limited: section 1, Act of June 7, 1915, P. L. 887, amending section 2 of the Act of May 8, 1901, P. L. 142), both parties claimed through grants made by Thomas Burke, Jr.; plaintiffs by virtue of two deeds to Martin Burke, both of which were executed, acknowledged, delivered and recorded, the grantee having died intestate and unmarried, leaving them, with others, as his heirs at law; and defendant under a deed, which had also been executed, acknowledged, delivered and recorded. Considering only the documents referred to, plaintiffs had the better title. Their deeds were earlier in date and the only objection to their admission in evidence was because "no delivery has been shown." They stated that they had been signed, sealed and delivered, and were duly acknowledged before a proper officer. From this there arose a presumption of actual delivery (Cragin's Est., 274 Pa. 1, 5; Kanawell v. Miller, 262 Pa. 9, 14; Lewis v. Merryman, 271 Pa. 255) as of the date of the deeds: Devall v. Glover, 250 Pa. 417. True, there was testimony disputing the fact of delivery, but the jury did

not believe it, and, on the principle first above stated, we also must reject it.

Defendant urges, however, that, as the deeds to plaintiffs' decedent were not recorded until more than ninety days after their execution, while hers was recorded before theirs and within that period from its execution, their title should be adjudged "fraudulent and void" as to her, because of the Act of May 19, 1893, P. L. 108. This contention cannot be sustained. The statute provides that "all deeds and conveyances......shall be recorded......within ninety days after their execution, ......[and, if not recorded within that time, they] shall be adjudged fraudulent, and void as against any subsequent purchaser or mortgagee for a valid consideration." She admits, however, that she gave no valuable consideration for the grant to her, but alleges there was a "valid consideration" for it, in that it was for the love and affection which the grantor, her son, had for her. But this is not the "valid consideration" to which the act refers. In Devall v. Glover, supra, where the facts were identical so far as respects the point now under consideration, we held that the later deed by the same grantor, based only on love and affection, did not have a "valid consideration" within the meaning of those words in the statute. To hold otherwise might lead to great injustice, for sustaining such a claim, would, under the circumstances here appearing, give to an innocent grantee who paid nothing, a better title than that of one who gave full value for the property conveyed.

Finally, defendant contends that the conclusion reached in Devall v. Glover, does not apply in the present case, because there was no evidence here that plaintiffs' decedent gave value for the deeds to him. It suffices to say that this contention must fail for want of anything of record to support it. When the deeds to plaintiffs' decedent were first offered in evidence they were objected to because there was no proof of either consideration paid or delivery made. The trial judge

mistakenly sustained this objection; but when proof was made that the deeds were in decedent's possession at the time of his death, they were admitted in evidence. The only objection made when they were offered for the second time, was because "no delivery has been shown." That ruling has not been assigned as error, and hence the validity of the deeds must be treated as having been conclusively established, and due weight given thereto: Keck v. Vandyke, 292 Pa. 532. From then on until the end of the trial, and throughout the later proceedings in the court below, the only issue raised regarding consideration was one of fact, which we cannot review for the reason already given. At no time after the later proceedings referred to was it claimed, as a matter of law, that, because plaintiffs gave no proof of actual consideration, the earlier recording of the deed to defendant gave her the better right. This question cannot properly be re-raised for the first time in this court: Schwartz v. Wesoky, 281 Pa. 388.

The judgment of the court below is affirmed.