Kanuch, Appellant, v. Zupko.

Argued April 15, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*William P. Burke,* with him *Richard B. Sheridan,* for appellant.

*Peter Kanjorski,* for appellee, filed no printed brief.

PER CURIAM, May 13, 1929:

Plaintiff filed a bill in equity to cancel a deed.  The bill was dismissed; hence this appeal.

In December, 1923, plaintiff married defendant.  Two days before that event, plaintiff executed and acknowledged a deed to his intended wife for a one-half undivided interest in certain real property owned by him. The deed,—prepared by an attorney and executed in his presence and in the presence of the intended wife and a

man named Skerchak, who accompanied the parties as interpreter to the attorney's office,—was taken by the attorney to the local courthouse and recorded in the presence of both plaintiff and defendant. About three weeks later Skerchak, having received the deed from the attorney who had left it for record, sent for plaintiff and defendant to come to his place of business. Skerchak testified that, though under instructions to give it to both parties, when they arrived he put the deed on the counter in his store and it was taken by the grantee. In the words of Skerchak, when on the stand as a witness, "I laid it right in front of them and she took the deed." Subsequently, the parties were divorced.

The bill avers that the deed, though executed, acknowledged and recorded, was not in fact delivered, and that, before execution thereof, it was verbally agreed between plaintiff and defendant that it was not to be delivered nor to vest title in the wife until such time as she proved to the satisfaction of plaintiff that she would make a good wife for him; that she did not make a good wife, but, on the contrary, was a bad one, and hence took no rights under the deed. In addition to the facts already stated, the court below found substantially as follows: That the deed was executed in contemplation of marriage and no other condition was annexed to the conveyance; that, two days after the deed was recorded, the marriage took place; that, subsequently, the deed was received from the recorder by the attorney for both plaintiff and defendant, given to a messenger who delivered it to "plaintiff and defendant," and that they placed it in the deposit box of the former. Defendant said they both had keys to this box; she testified also that they both took the deed from the messenger, after it was recorded; that, for a time, she had it in her separate possession, and then they both took it to the bank and placed it in the safe deposit box.

The court below states that "plaintiff's testimony as to the agreement that the deed was not to be delivered to

defendant unless or until she proved to be a good wife, stands unsupported by other evidence, and his admission that the deed was recorded at his direction and in his presence immediately after it had been signed and acknowledged, raises a strong presumption of delivery [Kohn v. Burke, 294 Pa. 282, 284], which is supported and confirmed by the testimony of all others who had knowledge of the transaction...... We [conclude] that the deed was signed, acknowledged and delivered by plaintiff to defendant." With this conclusion we agree.

The decree is affirmed at cost of appellant.