## Delahanty's Petition

*Herman E. Wenograd,* for petitioner.
*John E. McDonough,* for respondent.

LAMBERTON, J., February 10, 1937.—Mary Farrington filed her petition under section 4 of the Act of March 18, 1775, 1 Sm. L. 422, wherein she averred that she is the daughter of Daniel Delahanty, who died on August 3, 1936; that on March 14, 1914, Daniel Delahanty acquired

title by deed to premises known as 2623 South Watts Street, in the City of Philadelphia; that on April 19, 1925, Daniel Delahanty executed and delivered to petitioner a deed for said premises, a copy of which is attached to the petition; that said deed was never acknowledged, and that the subscribing witness, William Foy, is dead; that by the terms of the last will and testament of Daniel Delahanty, Mary Delahanty is the sole legatee, devisee, and executrix.

A responsive answer was filed by Mary Delahanty, hereinafter called respondent, in which she avers that she is the widow of Daniel Delahanty, admits that Daniel Delahanty owned the property in question and that Daniel Delahanty and William Foy have died, but denies that the writing is in fact a deed, or that it was signed by Daniel Delahanty.

The matter came up for hearing on December 10, 1936, and evidence was offered on behalf of both petitioner and respondent. From the testimony submitted the court makes the following

*Findings of fact*

1. Petitioner is the daughter of Daniel Delahanty.

2. Respondent married Daniel Delahanty on August 23, 1922, and is now his widow.

3. On March 14, 1914, Daniel Delahanty acquired title to premises 2623 South Watts Street, in the City of Philadelphia, by deed from William Betz and Rebecca E. B. Betz, his wife, duly recorded in the office of the Recorder of Deeds in the County of Philadelphia, in deed book E. L. T. 338, page 234, et seq.

4. On April 19, 1925, Daniel Delahanty, in the presence of William Foy, Sr., dictated to his nephew, William Foy, Jr., certain words, which were written by William Foy, Jr., on a small piece of note paper, which was then signed by Daniel Delahanty in the presence of William Foy, Sr., and William Foy, Jr., and William Foy, Sr., signed his name thereto as a witness. The completed document is as follows:

> "April 19/25
> "I Daniel Delahanty hereby
> sign over to My Daughter
> Mrs. Mary Farrington the prop-
> erty at 2623 So. Watts St.
> "Phila Pa.
> "Signed –
> Witness        "Daniel  Delahanty
>                 William Foy"

An effort has been made in the above to indicate, so far as possible, the placing of both words and signatures.

5. After said paper had been signed and witnessed it was left in the possession of Daniel Delahanty.

6. Daniel Delahanty died on August 3, 1935. William Foy, Sr., has also died.

7. Daniel Delahanty left his last will and testament, dated July 23, 1936, whereby respondent was made his sole legatee, devisee and executrix.

8. We have no testimony as to the location of the paper in question after the date of its signing by Daniel Delahanty until after his death, when it was seen in the possession of petitioner, where it remained until the hearing of this case.

### Discussion

This proceeding is brought under section 4 of the Act of March 18, 1775, supra, which provides that where the grantors and witnesses of any deed have died a judge of the court of common pleas may hold a hearing to prove the handwriting of such deceased witness or witnesses, or, where such proof cannot be had, then to prove the handwriting of the grantor or grantors, which shall be certified by the judge before whom such proof is made, whereupon such deed shall be recorded. In this case the handwriting of William Foy, the witness, and of Daniel Delahanty, the alleged grantor, have both been duly proved. The sole question at issue is whether the paper in question is, in fact, a deed within the meaning of said act.

No formal words are necessary to constitute a deed. It is sufficient if the words used clearly specify the meaning of the parties. Informality is no defect: Riggs v. New Castle, 229 Pa. 490.

"But it is certainly a great mistake to suppose that the words considered most apt for any particular species of conveyance . . . are at all necessary to the making thereof": Krider et al. v. Lafferty, 1 Whart. 302.

"The words in a deed are not the principal thing to be attended to, but the design and intention of the parties": McWilliams v. Martin, 12 S. & R. 269; Krider et al. v. Lafferty, supra, p. 314.

We believe that the words used in the paper in question clearly evidence a present intention to transfer the property in question to petitioner. We cannot see how it could be construed as a will.

A deed does not become effective until delivered with the intention that it shall become effective as a conveyance: Cragin's Estate, 274 Pa. 1. Delivery may be by words alone, or by acts alone, or by both together, but there must be something to show an intention to pass the title: Kanawell et al. v. Miller et al., 262 Pa. 9. The general rule is that delivery may be presumed from the fact that the deed is in the possession of the grantee, and the presumption is that it was delivered on the day on which it bears date. Such presumption, however, may be rebutted: Gable v. Gable, 146 Pa. 451; Devall v. Glover, 250 Pa. 417.

In the instant case the proof is that the deed was produced by petitioner, the grantee, and there is no evidence to rebut the presumption of delivery which flows from such possession.

We are not interested in the fact that Daniel Delahanty had a living wife at the time of the conveyance. This may constitute a defect in the title of petitioner, but the recording of a deed is no guaranty of title. We are not adjudicating the title of petitioner but merely adjudicating her right to have the paper recorded.

*Conclusions of law*

1. The writing executed by Daniel Delahanty on April 19, 1925, is a deed.

2. The deed in question was delivered by Daniel Delahanty to the grantee named therein.

3. Petitioner is entitled to have the deed recorded.

*Decree nisi*

And now, to wit, February 10, 1937, the above-entitled matter having come on to be heard, and, in accordance with the Act of March 18, 1775, sec. 4, testimony having been adduced to prove the signature of the witness and of the grantor, and the court being satisfied with such proof, it is hereby ordered and decreed that the deed of Daniel Delahanty to Mary Farrington, dated April 19, 1925, for premises 2623 South Watts Street, in the City of Philadelphia, Pa., reading as follows:

> "April 19/25
>
> I Daniel Delahanty hereby
> sign over to my Daughter
> Mrs. Mary Farrington the property at 2623 So. Watts Street.
>
> Phila. Pa.
>
> Signed –
> Witness          Daniel Delahanty
>                  William Foy"

be, and it hereby is, entitled to be recorded, and the recorder of deeds of this county is directed to receive the same for recording, and so to record the same upon payment of the fees to which he is entitled under the laws of this Commonwealth.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel of record.