# APPEAL OF LOUISA DURAIND, TRUSTEE.

APPEAL FROM THE COURT OF COMMON PLEAS, NO. 2, OF PHILADELPHIA COUNTY.

116   93
187   355

116      93
202    570
116      93
32 SC   92

Argued March 29, 1887—Decided April 11, 1887.

A deed, signed and acknowledged but remaining in the possession of the grantor until her death and for which no consideration was given, the grantee neither being present when it was signed and acknowledged nor having knowledge of its existence during the life of the grantor, is insufficient to bind the grantor or to pass title to the grantee, because of the want of delivery essentially necessary to give it effect.

Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and CLARK, JJ.; GORDON and PAXSON, JJ., absent.

No. 117 January T. 1887, Sup. Ct.; Court below, No. 580 March T. 1884, C. P. in Equity.

The proceeding in the court below was by a bill filed by Louisa Duraind, trustee for Mary, May, Edward, Joseph, Julia F. and Teressa Duraind, against George L. Dych, administrator of the estate of Marie F. Duraind, deceased, and Josephine Duraind, a sister of deceased, F. A. Duraind, Charles E. Lombard and Joseph E. L. Acosta (children of a deceased sister). After answer and replication, *Mr. William Kelly* was appointed Examiner and Master, and the facts of the case and the question raised sufficiently appear from his report, which after matter introductory proceeds:—

This was a bill in equity, filed by the plaintiff against the defendants, to compel George L. Dych, administrator of the estate of Marie F. Duraind, to deliver to the plaintiff a certain deed purporting to have been made and executed by the said Marie F. Duraind in her lifetime to the said plaintiff as trustee, and to enjoin all the defendants from interfering with the control of the premises mentioned in said deed.

The facts, as they appear from the testimony, are as follows:

Marie F. Duraind was the owner in fee of a lot of ground and messuage, situate at the northeast corner of Twelfth street and Sheaf's alley, in the city of Philadelphia. In the

early part of August, 1879, she called upon Henry McMiller, Esq., a member of the bar, who for a number of years had been her counsel, and requested him to draw a deed for the above mentioned premises, conveying the same to Louisa Duraind, in trust for her six children, they being the children of James Duraind, a deceased brother of the said Marie F. Duraind, and in said deed reserving to the said Marie F. Duraind the "legal right to collect the rents, issues and profits of the said property for her own use during life, and at her decease the said property to be held for said children by said trustee during minority, and when they arrive at full age the fee simple to vest in them absolutely as tenants in common." Mr. McMiller, in pursuance of the instructions so given him, prepared the deed, and upon the eighth day of August, 1879, handed it to the said Marie F. Duraind, who, upon the same day, went before a notary and acknowledged the deed. The consideration named in the deed was the sum of $10,500, but there was no allegation on the part of the plaintiff that the consideration had been paid, and the receipt upon the deed was unsigned. Mr. McMiller also testified under objection, that the grantor stated to him that her object in making the deed was that, in case of her death, "she wished all of her property to go to the children of her deceased brother James;" and, further, "that Josephine Duraind, her sister, had treated her badly, and she was determined that she should have none of her property if she died prior to Josephine." After the grantor acknowledged the deed, she retained possession of it until the time of her death, which occurred on the thirty-first day of January, 1884, whilst on her return to Philadelphia from the South where she had been sojourning. The "deed" was found in her trunk at the Pennsylvania Railroad station at Broad and Market streets, Philadelphia. It is admitted by counsel for plaintiff that there was no actual manual delivery of the deed for the premises. Louisa Duraind, the trustee, and her children were, at the time of the acknowledgment of the deed, residing in the city of San Francisco, California, and have since continued to reside there, and it does not appear from the testimony that any of the parties interested in the deed had any knowledge of its existence until after the decease of the said Marie F.

Duraind, the grantor, when it was found in her trunk as before mentioned. It appears from the testimony that, at the time the deed in question was prepared by Mr. McMiller, another deed was drawn by him between the same parties and upon the same trusts, and in pursuance of instructions from the said Marie F. Duraind; this last mentioned deed was for a property at Jenkintown, Pennsylvania, and was executed and acknowledged by the grantor before the same notary, on the same day and in the same manner as the deed in question. This deed also appears to have been retained in the possession of the grantor, and was found in her trunk when it was opened as before mentioned. This deed, when found, was torn in half, and in this mutilated condition was produced before me. It was further shown by the testimony that, after the execution and acknowledgment of the deed above mentioned for the property at Jenkintown by the said Marie F. Duraind, she sold and conveyed the said property, in her own right as her own property, and received the consideration therefor, and the proceeds of said sale are now deposited in her own name in a savings institution in Philadelphia.

It is admitted by counsel for plaintiff that the deed in question cannot be regarded as a testamentary writing, and, if supported, it must be as a " deed," and to take effect as such.

The only question, therefore, is whether the instrument in question is such a deed as passed the title to the trustee named therein. It appears to possess all the requisites of a deed with the exception of one, to wit, delivery. It is not contended by either side that the consideration named in the deed was ever paid or intended to have been paid; the conveyance was therefore voluntary, and the case presented is not one of a party seeking to enforce a delivery on the ground that the consideration money had been paid. . . . . . .

The case in question so strongly resembles that of Critchfield v. Critchfield, 24 Penn. St. 100, and the law, as held in that case, is so clearly applicable to the facts in the present case that, in the opinion of the Master, it is ruled by it.

Counsel for plaintiff relied strongly upon the formal acknowledgment of the deed, made by the grantor before the notary, as constituting a valid and sufficient delivery; but in this case, as in that of Critchfield v. Critchfield, the presumption

Opinion below.

of delivery is rebutted by the fact that the grantor held and retained the deed in her own possession. The testimony of the notary, before whom the acknowledgment was taken, was that the grantor came before him and simply acknowledged the deed, and there was no evidence to show that the grantor had at any time parted with the custody and possession of the deed. The fact that the grantor sold the Jenkintown property, after having made and acknowledged the deed for the same to the plaintiff, shows very conclusively that the grantor did not intend the acknowledgment of the deed in question to operate as a delivery.

Under the law and facts as above stated, the Master finds that the deed for the premises in question was never delivered, and is, therefore, inoperative to vest title in the trustee therein named. The Master, therefore, suggests to your Honorable Court that a decree be entered dismissing the bill.—

The plaintiff below excepted to this report in that the Master erred (1) in finding that the deed for the premises in controversy was never delivered, (2) in finding that the case was ruled by Critchfield v. Critchfield, and (3) in suggesting a decree dismissing the bill. The exceptions were then argued, dismissed and the Master's report confirmed, the Court, D. NEWLIN FELL, A. J., delivering an opinion which, after stating the facts as found by the Master, proceeded:—

Excepting the reservation in the deed, this case does not differ materially from Critchfield v. Critchfield, 24 Penn. St. 100. In that case a father executed a deed for land to his son, but retained the deed in his possession until his death. The son had no knowledge of the deed, which had not been recorded until it was found among his father's papers. Notwithstanding evidence that the father had said to a stranger that he had given the land to his son, that he would keep the title during his life, but that the son would get the land after his death, it was held that the intention of the grantor that the deed should be delivered after his death was insufficient, and no title passed. It was urged upon the argument of the case before us that, as the grantor had reserved an interest, she had a motive for retaining the deed, and that its retention by her was not inconsistent with the belief that she regarded

Opinion below.

it as a completed instrument, and Scrugham v. Wood, 15 Wend.
575, and Louverbye v. Arden, 1 Johns. Ch. 240, were cited in
support of this view. The facts in Scrugham v. Wood are
very similar to those of the case under consideration except
that the deed was acknowledged by the trustee and recorded.
A father in that case conveyed his property in trust for the
benefit of his children, he to possess and enjoy the premises
during life to enable him to apply the proceeds to their sup-
port and education. The deed was signed by the grantor and
the trustees, acknowledged by all the parties, recorded and
after his death found among his papers. It was held to be
valid. In Louverbye v. Arden, it was held by the Court that
"a voluntary settlement fairly made is always binding in
equity upon the grantor unless there be clear and decisive
proof that he never parted or intended to part with the pos-
session of the deed, and, if he retain it, there must be other
circumstances besides the mere fact of his retaining it to show
that it was not intended to be absolute." In this case the
fact of the conveyance had been, at the time it was made,
communicated to all the parties in interest, and the deed
delivered to the trustee. It afterwards came into the posses-
sion of the grantor, and the attempt was to defeat the deed by
proof of a subsequent condition. In Garnons v. Knight,
5 B. & C. 671, a leading case upon the subject, in which there
is a full discussion of the authorities referred to in the preced-
ing cases, a conveyance was made by an attorney to secure
an indebtedness to his client for money misapplied. The mis-
application of the money and a promise to secure him were
communicated to the grantee. The deed was handed by the
grantor to his sister to hold for the grantee. Upon the trial
the distinct question was whether the delivery to the third
party was a good delivery, and the jury were instructed that,
if the delivery was a parting with the possession and the
power and control over the deed for the benefit of the grantee
in order that it might be delivered to him in the grantor's life-
time or after his death, the delivery was good ; but, if deliv-
ered for safe-keeping for the grantor, to be subject to his
future control and disposition, it was not a good delivery.
On this instruction the jury found the delivery good, and,
upon the argument of a motion for a new trial, the correctness

of the instruction, as well as the sufficiency of the evidence to justify such a finding, was raised.

The Court held the instruction to be correct, and that the evidence justified the finding of the jury. The further question was considered, "whether where a deed is duly signed and sealed, and formally delivered with apt words of delivery, but is retained by the party executing it, that retention will obstruct the operation of the deed;" and it was said, "where an instrument is formally sealed and delivered, and there is nothing to qualify the delivery except the keeping of the deed in the hands of the executing party, and nothing to show that he did not intend it to operate immediately, it is a valid and effectual deed; delivery to the party who is to take under it, or to any other person for his use, is not essential." In all of the cases cited in support of this opinion, Broughton v. Broughton, 1 Atk. 625; Clavering v. Clavering, 2 Vern. 473; Naldred v. Gilham, 1 P. Wms. 578, and Lloyd v. Barnett, 8 C. & P. 124, there had either been an actual delivery to a third party, or a formal delivery of the deed.

These cases do not in any degree affect the settled rule that delivery is essential to the validity of a deed, and that a mere intention to convey, where the conveyance is voluntary and the determining act is unexecuted, is without effect.

After the delivery, the deed may remain in the possession of the grantor, but delivery, actual or constructive, is essential to its validity. Acts of the grantor in relation to the deed, such as recording, may give rise to the legal presumption of delivery: Stewart v. Riddell, 3 Md. 67. The recording of a deed is a publication, and places the title under the control of the grantee as effectually as the delivery of a deed.

It is, moreover, an act inconsistent with any other thought than that the grantor has finally and completely divested himself of the title. The signing and acknowledgment of a deed cannot be said to have this effect. They are preparatory to a conveyance, and indicate only an intention. This intention, where the act is voluntary, the grantor is always free to change until the deciding and determining act is performed. In the case before us, the grantor did change her mind as to one of the properties, having destroyed the deed and conveyed it to another party for a valuable consideration; and, as to the

remaining property, there is only evidence by the deed, and by her language to her attorney, that she at one time contemplated a conveyance to the complainants, but the fact remains that she never carried this intention into effect. If the deed in this case is imperfect by reason of a want of delivery, the complainants cannot obtain relief in a court of equity. Equity will not aid an imperfect voluntary conveyance, even when by accident the deed was not delivered: Clavering v. Clavering, 2 Vern. 473. No imperfect conveyance, which is also merely voluntary, will be aided or enforced in equity: Bispham's Equity, 101, and cases there cited.—

This appeal was then taken by the plaintiff below, who assigned as error the dismissal of her exceptions, and the confirmation of the Master's report.

*Mr. Jerome Carty*, for the appellant:

The sole question in this case is whether the deed in question is to be held as effective and inuring to the grantees as between them and the next of kin of the decedent in the absence of express testimony of absolute manual delivery and by reason of the deed having been retained in the grantor's possession and found among her effects after her death.

Owing to statutory provisions and the recording acts, a broad distinction exists between cases of this character, as between *bona fide* purchasers and judgment creditors and the grantee or donee on the one hand, and the case of the grantee or donee and next of kin on the other. The main question here seems to be whether effect shall be given to the declared intention of the grantor, and whether this shall take place as a deed, a covenant to stand seized to uses, or as a testamentary disposition.

Under Book v. Book, 104 Penn. St. 240, it can hardly be contended that the deed in question can be regarded as a testamentary writing.

Mr. Justice SHARSWOOD said in Bond v. Bunting, 78 Penn. St. 210: "It is certainly the tendency of all modern authorities to maintain the general doctrine which may be stated as a formula that, wherever a party has the power to do a thing (statutory provisions being out of the way) and means to do it, the instrument he employs shall be so construed as to give

effect to his intention." Tested by this principle, what is the effect of the deed in question?

Mere possession of a deed by the grantee is no more tangible evidence of absolute delivery than possession thereof by the grantor: Rhine v. Robinson, 27 Penn. St. 30. Nor is actual delivery to the grantee necessary. Nor is recording absolute delivery, but only evidence thereof: Chess v. Chess, 1 P. & W. 32. The simple question in all such cases is whether the acts, intentions and declarations of the grantor amounted to a delivery.

In Garnons v. Knight, 5 B. & C. 671 and Lloyd v. Bennett, 8 C. & P. 124, the principle deduced by Mr. Justice BAILEY, in a most elaborate review of all the authorities, is that, when an instrument is formally sealed and delivered, and there is nothing to qualify the delivery but the keeping of the deed in the hands of the executing party, nothing to show that he did not intend it to operate immediately, it is a valid and effectual deed, and that delivery to the party who is to take it, or any other person for his use, is not essential.

Deeds, acting under the Statute of Uses, may give an estate of freehold to commence in future: 2 Prest. on Conv. 127. A grant to A. merely, creates a life estate only; but when a party pays his money, and the intention is clear that a fee was to be conveyed, a use, which chancery would execute, is raised: Lynn v. Downs, 1 Y. 520; McGirr v. Aaron, 1 P. & W. 49. Wherever a deed of conveyance, etc., is made, and the intention of the grantor, etc., is clear, and a technical principle might defeat the intention, courts will declare the grantor a trustee, and the deed a covenant to stand seized for the use of the grantee: Martin v. McCord, 5 W. 495; Allison v. Kurtz, 2 Idem 185; Wilt v. Franklin, 1 Binn. 519; Witman v. Lex, 17 S. & R. 88. The words bargain and sell make a covenant to stand seized: 4 Cru. Dig. tit. 32, ch. 10, 2. A bargain and sale for a pecuniary consideration to commence in futuro will operate as a covenant to stand seized according to the intention without technical words: Jackson v. Swart, 20 Johns. 85; Barrett v. French, 1 Conn. 354 (6 Amer. D. 241); Wallis v. Wallis, 4 Mass. 185 (3 Amer. D. 210). A deed to a son reserving a life estate to the grantor is a covenant to stand seized for grantee: French v. Frend, N. H. R.

258; Jackson v. McKinney, 3 Wend. 233; Jackson v. Sebring, 16 Johns. 515; 9 Wend. 641.

The case of Critchfield v. Critchfield, 24 Penn. St. 100, is distinguished. In that case the decision is entirely based upon the disputed facts as found by the jury, which negative the idea or intention of delivery on the part of the grantor. The deed had a paper around it on which was marked, " Will "; there was testimony that the father exercised rights of ownership over the farm and called it his till his death ; he had said he would keep the title during his life, and that Jesse would get it after his death; the jury found as a fact that there was intention not to deliver. All the facts in the present case show not only the solemn declaration of delivery, but constitute uncontradicted evidence of intention of delivery, which, under the decisions, is constructive delivery; and the mere retention of the deed is not inconsistent therewith.

*Mr. Frederick Gaston (Mr. Thomas Greenbank* with him), for the appellee:

The sole question is, if it be a question, whether a voluntary deed, executed and acknowledged, but not delivered, is operative as a deed.

It should be emphasized that Marie F. Duraind never made to anybody delivery of the deed, actual, constructive or implied. Nor is there any evidence of such delivery save the bald printed formula, " Sealed and delivered in presence of us." The notary says: " I was a witness to the sealing and delivery, but there was nothing more than an acknowledgment."

The citations by the appellant fail to meet the point of the case or to sustain the positions assumed.

In Rhine v. Robinson, 27 Penn. St. 30, it is held that possession of a deed by the grantee is *prima facie* evidence of delivery.

In Chess v. Chess, 1 P. & W. 32, the Court says: " A delivery is essential to the proper and legal execution of a deed, and the delivery may be to the party, to one authorized by the party to receive it, or to a stranger for the use of the party. The placing of a deed on record by the grantor is not absolute delivery, but only evidence of it, of which the jury may judge."

In Garnons v. Knight, 5 B. & C. 671 (11 E. C. L. R.), the syllabus is misleading. Both in that case and in Lloyd v. Bennett, 8 C. & P. 124 (34 E. C. L. R.), there had been an actual delivery to a third party.

It is submitted that the rule in regard to the delivery of voluntary deeds is the same as in regard to gifts of chattels. A gift is not consummate and perfect until a delivery of the thing promised, and until then the party may revoke his promise: Pringle v. Pringle, 59 Penn. St. 281.

Where the donor retains the control of a voluntary bond, given or assigned, he may cancel or destroy it. If the determining act be *in fieri*, the intention to deliver does not execute the gift: Trough's Estate, 75 Penn. St. 115.


PER CURIAM:

A delivery is essentially necessary to give effect to a deed. The signing and sealing thereof are insufficient to bind the grantor, or to pass title to the vendee therein named. In the present case, no question of presumptive or conditional delivery, either to the vendee or to any person for her, arises.

It is conclusively shown that, although the deed was signed and acknowledged, yet in fact it remained in the possession of the person who signed it until her death. Neither the grantee named, nor the persons for whose benefit it professed to be made, gave any consideration therefor, nor were any of them present when it was signed or acknowledged, and they had no knowledge of its existence during the life of the maker. In law it was not a deed.

> Decree affirmed, and appeal dismissed at the costs of the appellant.