Chase *v.* Clearfield Lumber Company, Limited, Appellant.

*Evidence—Deed—Assignment—Delivery—Question for jury.*

Where an assignment of an equitable interest in land is found in the assignor's safe after his death, which it appears had been used generally by the family, as a repository for their papers, and there were facts and circumstances from which the jury could fairly have inferred that the deceased had actually passed the title to the assignee, who was a member of his family, the question whether there was a delivery of the assignment to her is for the jury, and the verdict in her favor will be sustained.

Argued April 18, 1905.   Appeal No. 293, Jan. T., 1904, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1903, No. 228, on verdict for plaintiff in case of Jane Chase v. Clearfield Lumber Company, Limited.   Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for injuries to land by the cutting of timber.   Before WILSON, P. J., of the Eighteenth Judicial District specially presiding.

The facts are stated in the opinion of the Supreme Court.

At the trial the court rejected under objection and exception certain testimony as to the actions of the plaintiff's husband which it was claimed estopped the plaintiff from maintaining the action. [3]

Verdict and judgment for plaintiff for $3,122.85.   Defendant appealed.

*Errors assigned* were (1, 2) instructions as to the delivery of the assignment; (3) ruling on evidence, quoting the bill of exceptions.

*David L. Krebs*, with him *A. M. Liveright*, for appellant.

*J. B. McEnally*, with him *W. Clark Miller*, for appellee.

PER CURIAM, October 9, 1905:

As evidence of her title to the land from which the appellant cut the timber the plaintiff produced and offered at the trial the assignment to her by John M. Chase, her father-in-law, dated February 26, 1879.   To repel the presumption that it had been delivered to her, appellant called B. F. Chase, a son of John M. Chase and one of his executors, who testified that after his father's death he found the assignment in a box or the safe that had belonged to him.   He was not certain whether he found it in the box or safe, but thought that most of the papers were in the safe, and the contention of the appellant is that it was there found.   The witness, however, testified still further that various kinds of paper, such as contracts and insurance policies, belonging to other members of the family, were found in the safe, and added, " Father's safe was everybody's safe."   There were facts and circumstances from which the

jury could fairly have inferred that the deceased had actually passed the title to his daughter-in-law; and the finding of the assignment in his safe after his death is entirely consistent with his delivery of it to her, in view of the explanation of the son, called by the defendant, that the safe was " everybody's safe," for she may have deposited it there as other members of the family had deposited their papers in it. The question of delivery was purely one of fact for the jury and was submitted to them under proper and careful instructions. The offer which is the subject of the third assignment of error was properly disallowed, for it was not to show that the appellee, by anything she had said or done, had estopped herself from asserting her title.

Judgment affirmed.