## Kanawell et al., Appellants, *v.* Miller et al.

*Real estate—Deeds—Delivery—Presumed from circumstance— Absence of manual delivery — Placing deed in grantor's safe — Grantor's declarations—Burden of proof—Case for jury.*

1. Delivery of a deed may be inferred from circumstances and it is not necessary to prove actual manual investiture.    Delivery may be made by words alone, or acts alone, or by both together, but there must be sufficient to show an intention to pass title.

2. In an action of ejectment where the controlling question was whether there had been a delivery of a deed of the premises to defendant during the lifetime of a decedent under whom plaintiff claimed as heir, the case was for the jury and a verdict and judgment for defendant will be sustained where it appeared that defendant, a nephew of decedent's wife, lived with decedent and was treated by him as a son; that four years after the purchase of the property by decedent he executed and acknowledged a deed to defendant, who was then six years old, in consideration of "one dollar and natural love and affection"; that subsequently the deed was enclosed in an envelope endorsed in grantor's handwriting with defendant's name; that, from childhood on, defendant had access to the safe and frequently opened it; that deceased told a relative that

Syllabus—Assignment of Error.          [262 Pa.

in case anything happened such relative and defendant should open the safe and that defendant's deed and decedent's will were therein; and that decedent on numerous occasions during his life, sometimes in the presence of defendant and on other occasions in his absence, stated that the farm was defendant's and that decedent did not own it but was only overseer for defendant; and, although decedent disposed of other real estate by will, neither in his will nor in the codicils thereto did he mention the farm in question.

3. Proof of the deed to the defendant, duly acknowledged and recorded, placed the title and right of possession prima facie in the defendant, but the burden of proof shifted to the defendant to show a delivery in grantor's lifetime when it appeared that the deed was found in decedent's safe, unrecorded, after grantor's death.

*Supreme Court practice—Statement of questions involved.*

4. The appellate courts are required to consider only points covered by the statement of questions involved.

Argued June 4, 1918. Appeal, No. 60, Jan. T., 1918, by plaintiffs, from judgment of C. P. Snyder Co., Feb. T., 1917, No. 45, on verdict for defendants in case of J. Luther Kanawell, Maggie E. Davis, Palmer Kanawell, Mrs. Jacob Boose, Henry D. Kanawell, Calvin Kanawell, Tina Kanawell, L. C. Moses, Ida Wieand and Wm. Kanawell v. Charles A. Miller and Fred. Musser. Before Brown, C. J., Moschzisker, Frazer, Walling and Simpson, JJ. Affirmed.

Ejectment for recovery of land in Snyder County. Before Johnson, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for defendants and judgment thereon. Plaintiffs appealed.

*Error assigned,* among others, was in refusing plaintiffs' motion for judgment non obstante veredicto.

*Charles P. Ulrich,* with him *M. I. Potter,* for appellants.

*Andrew A. Leiser,* with him *Jay G. Weiser* and *Andrew A. Leiser, Jr.,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, July 17, 1918:

This is an action of ejectment; judgment was entered on a verdict for defendants, and plaintiffs have appealed.

Plaintiffs are the legal heirs of Dr. J. F. Kanawell, deceased; Charles A. Miller (hereinafter called the defendant) claims the real estate in suit as the grantee of decedent; the other defendant, Fred. Musser, is a tenant under Miller.

In view of the verdict, the following facts may be accepted as established: In 1893, Dr. Kanawell purchased the farm sought to be recovered in this action; the defendant, a nephew of decedent's first wife, lived in the household of the doctor, and was treated by him as though he were a son; in 1897, Dr. Kanawell, in consideration of "one dollar and natural love and affection," executed and acknowledged a deed for the farm to Miller, when the latter was but six years old; subsequently this document was enclosed in an unsealed envelope, endorsed "Charles A. Miller," in the grantor's handwriting, and put in a safe in the doctor's office; from childhood on, the defendant had access to this safe, knew the combination, and frequently opened it; in 1905, Dr. Kanawell called upon a nephew, with whom he was intimate, and told the latter that, if anything happened to him (the doctor), "at any time," the nephew and Miller "should open his safe, and in there we would find papers, one addressed to myself [the nephew] and one to Charley [Miller]; the first he gave me to understand was Charley's deed, and the other was a will"; at the time of this interview, the doctor said "the deed was Charley's," that the latter had the combination of the safe, and when the safe was opened the deed was to be "handed to Charley"; in 1909, Dr. Kanawell made a will purporting to dispose of his entire estate, real and personal; several pieces of real property are mentioned in this will, but the farm here in question is entirely omitted therefrom, as it is from two subsequent codicils executed February 28, 1914, and November 8, 1915, respectively, on which latter date the

doctor died; the executor was obliged to obtain the services of Miller to open decedent's safe, and, when this was accomplished, the deed was found therein, endorsed as already stated; the executor placed the instrument upon record.

Defendant offered to prove the deed had been actually delivered to him by Dr. Kanawell during the latter's life, and had been handed back to the grantor with the request that he keep it in his safe as custodian for the grantee. This offer was rejected; and, for present purposes, should be considered as much out of the case as though never made. Therefore, defendant must point to other, competent, evidence sufficient to sustain the verdict and judgment in his favor. To meet this burden, he stands, first, upon the duly executed, acknowledged and recorded deed itself, which, on its face, purports to have been "delivered"; next, he points to the evidence in support of the facts which we have already recited, and, in addition, to repeated declarations by the grantor, at intervals extending over many years (some in the presence and hearing of the grantee, and others in his absence), to the effect that he bought the farm for Miller, that it belonged to the latter, that he, the doctor, did not own it, but was only the overseer for defendant, and, finally, to many acts indicating ownership by Miller and acquiescence therein by decedent. Moreover, defendant directs attention to the fact that the testimony shows, not a mere direction of the grantor that the deed should be delivered after his death, with a statement or intimation that he would retain title during his own life (as in some of the cited cases), but rather what can justifiably be found to be an acknowledgment that the property then belonged to the grantee, and that, if "anything" happened to him, the grantor, the deed was to be taken by the grantee, not as a delivery at that time, but because it already was his; that is to say, the grantor's several declarations are not simply to the effect that the land and the

deed were to be, but that they, respectively, actually "were," the grantee's property.

Appellants correctly state the question involved thus: "Was there any evidence in the case showing that said deed was delivered to the grantee named therein in the grantor's lifetime?" In view of the foregoing facts, this determining question must be answered in the affirmative.

There are two lines of cases dealing with the delivery of deeds, duly executed, but found apparently in the unqualified possession of the grantor at time of his death. In one, the delivery is held to have been sufficiently proved: Stinger v. Commonwealth, 26 Pa. 422, 428; Stephens v. Huss, 54 Pa. 20, 22, 26; Stephens v. Rinehart, 72 Pa. 434, 440, 441; Holt's App., 98 Pa. 257, 270; Turner v. Warren, 160 Pa. 336, 343; Cummings v. Glass, 162 Pa. 241, 251 et seq.; Wagoner's Est., 174 Pa. 558, 564; Kern v. Howell, 180 Pa. 315, 321-2; Chase v. Clearfield Lumber Co., 213 Pa. 46, 48; Clymer v. Groff, 220 Pa. 580, 584; also see what is said upon the subject in hand by SHARSWOOD, J., in Pa. Co., Etc., v. Dovey, 64 Pa. 260, 266-7; and by THOMPSON, J., in Diehl v. Emig, 65 Pa. 320, 327, citing Blight v. Schenk, 10 Pa. 285. In the other, delivery is held not to have been sufficiently proved: Critchfield v. Critchfield, 24 Pa. 100, 103; Duraind's App., 116 Pa. 93, 102; Benedick v. Benedick, 187 Pa. 351, 355; Cameron v. Gray, 202 Pa. 566, 567, 569; Sears v. Scranton Trust Co., 228 Pa. 126, 134, 138 et seq.; Harroun v. Graham, 258 Pa. 245. Albeit, owing to differences of fact, none of the authorities cited can be held to rule the present case, yet relevant general principles are stated and discussed in all of them.

While "the crowning fact" in the execution of a deed is delivery, yet it is not necessary to prove "actual manual investiture," since "delivery may be inferred or presumed from circumstances": Rigler v. Cloud, 14 Pa. 361, 364. "Delivery may be made by words alone, or by acts alone, or by both together, but there must be sufficient to show

an intention to pass the title": Dayton v. Newman, 19 Pa. 194, 199.

When the deed to defendant, duly acknowledged and recorded, was proved, this, prima facie, placed the title and right of possession in him (Kern v. Howell, supra, 316-17; Clymer v. Groff, supra, 583-4; Diehl v. Emig, supra); then, when it was shown that, after Dr. Kanawell's death, the deed, unrecorded, was found in the latter's safe, the burden shifted, and it became the duty of defendant to establish a delivery in the lifetime of the grantor; but, as indicated by the authorities already cited, to do this it was not necessary for the grantee to prove the actual handing of the deed to him by the grantor, so long as sufficient circumstances were shown, by the weight of clear and satisfactory evidence, reasonably to justify the conclusion that a delivery had, in fact, taken place.

In the present instance, it cannot justifiably be said that the burden resting upon the defendants was not fully sustained within the requirements of our decisions upon the subject; the question of delivery was for the jury (Steel v. Tuttle, 15 S. & R. 210, 217-18; Galbraith v. Zimmerman, 100 Pa. 374, 377), and it was found against plaintiffs. The judgment entered on the verdict will not be disturbed.

We have determined the sole point called to our attention by the statement of "question involved," which is all that is required of us (Kennedy v. Rothrock, 261 Pa. 580, and cases there cited); all the assignments have been examined, however, and, while they will not be discussed specifically, nothing appears therein which, considering the record as a whole, demonstrates reversible error.

The judgment is affirmed.