## Scott, Administrator, v. Book et al.

*Harris C. Arnold* and *John A. Coyle,* for plaintiff.
*Clay M. Ryan,* for guardian ad litem.
*Jacob Hill Byrne,* for recorder of deeds.

SCHAEFFER, J., July 17, 1936.—On April 1, 1921, John Rineer and wife executed and delivered to Miller G. Book a deed for the premises in question. The latter did not record it, and a few weeks before his death, on September 28, 1935, took the deed to the scrivener who had prepared it originally and expressed a desire to the scrivener to give the real estate described in the deed to Helen E. Book, his daughter. The conveyancer suggested that costs could be saved by merely erasing the name of Miller G. Book as grantee throughout the deed and inserting in lieu thereof the name of his daughter, Helen E. Book. Miller G. Book followed this advice and the deed was altered accordingly. After the death of Miller G. Book this altered and unrecorded deed was in the possession of his widow. The lot of ground covered by the deed is unimproved except for a small frame building in which lumber was stored formerly by Miller G. Book. It adjoins the former residence of decedent. There is no evidence to show that Helen E. Book took actual possession of this real estate or made any improvements on it. The administrator of Miller G. Book, deceased, finds it necessary to sell decedent's real estate for payment of debts. He seeks to have the deed in controversy corrected to enable him to make proper application to the Orphans' Court of Lancaster County for its sale.

The alteration of the deed is admitted. It must be restored to its original form so as to include in it the name of Miller G. Book wherever that name formerly appeared as grantee or otherwise. It is a material alteration and changed the legal effect of the instrument. Apparently Book intended to give title to the premises to his daughter. It does not appear that the altered deed was at any time delivered to Helen E. Book, the daughter, or that decedent in his lifetime actually parted with the possession or ownership of the lot of ground in controversy.

The statute of frauds in force in this State since 1772 requires that any conveyance or creation of any estate in lands shall be by deed in writing signed by the party

granting the same. This requirement of law was not complied with in the instant case. However, the question as to a parol gift of real estate from father to daughter arises. In Glass et al. v. Tremellen, 294 Pa. 436, it was claimed that a deceased father in his lifetime had made an oral gift of real estate to his daughter. Mr. Justice Walling in his opinion, at pages 438 and 439, said:

"The alleged gift being from father to daughter, must be supported by evidence that is direct, positive, express and unambiguous, bringing the parties face to face and showing the terms and conditions of the gift. See Breniman v. Breniman et al., Execs., 281 Pa. 304; Dill v. Westbrook, 226 Pa. 217; Wright v. Nulton, 219 Pa. 253. . . .

"Furthermore, a parol gift of land is invalid under the statute of frauds unless followed not only by change of possession but by the making of such permanent improvements on the property as could not be compensated for in damages."

In Allshouse's Estate, 304 Pa. 481, Mr. Justice Kephart, at page 488 of the opinion, said:

"Where the gift is of real property the same rules apply: There must be an unmistakable intention to part with and surrender complete dominion over the premises, accompanied by an intention to invest the donee with the right of disposition, followed by an irrevocable delivery, before the gift will be considered complete and legally effective. Since it is impossible to make manual delivery of real estate, it is dispensed with and in its place a deed of conveyance must be delivered to the grantee. If there is no such delivery of a deed, then the gift is incomplete: Tozer v. Jackson, 164 Pa. 373; Duraind's App., 116 Pa. 93. An exception to this rule is that of a parol gift of real property, to which the statute of frauds is held to be no bar to enforcement if the donee has taken possession of the land and made improvements on it. See Sower's Admr. v. Weaver, 84 Pa. 262; Greenwich Coal & Coke Co. v. Learn, 234 Pa. 180; Rader v. Keiper, 285 Pa. 579; Glass v. Tremellen, 294 Pa. 436. Here the donee did not

take possession or improve the premises, so as to entitle him to equitable relief."

See also Hartzell's Estate, 114 Pa. Superior Ct. 190, 195, 197.

The evidence in the instant case as to the elements essential to establish a parol gift of real estate and taking it out of the operation of the statute of frauds is not sufficiently clear and indubitable. Furthermore, it does not show change of possession nor any improvement made by Helen E. Book thereon.

### Decree

And now, July 17, 1936, upon consideration of the foregoing case, it is ordered, adjudged, and decreed:

First: The deed from John Rineer and wife to Miller G. Book, dated April 1, 1921, and recorded in the office of the Recorder of Deeds of Lancaster County on March 6, 1936, in deed book M, volume 32, page 182, is restored to its original form by substituting the name of Miller G. Book in lieu of Helen E. Book wherever the same appears in said deed.

Second: The Recorder of Deeds of Lancaster County is ordered and directed to correct the records in his office with respect to said deed in conformity with this opinion and decree.

Third: The costs of this proceeding shall be paid by the administrator of the estate of Miller G. Book, deceased.